J-S11012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ENRICO THEODOSIUS RHODES, | |
| Appellant | No. 628 WDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000564-2015

BEFORE: OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 6, 2017**

Appellant, Enrico Theodosius Rhodes, appeals from the judgment of sentence entered on April 1, 2016. We affirm.

The factual background and procedural history of this case are as follows. On the evening of August 14, 2014, Carl Hammonds ("Hammonds") and Appellant visited Robbie Butch ("Butch") to collect a drug debt Butch owed Hammonds. Butch told Hammonds that he could pay the debt with funds located in a safe at Butch's Auto Salvage, which his parents owned. Butch did not have permission to be on Butch's Auto Salvage's property or to remove the safe from the premises. Hammonds, Butch, and Appellant entered Butch's Auto Salvage, removed the safe, and took several new wallets.

_____

* Former Justice specially assigned to the Superior Court

Police became suspicious when they witnessed Hammonds, Appellant, and Butch load the safe into Butch's vehicle. When questioned by police, Butch provided the safe's combination and police were satisfied that the safe belonged to Butch. During this interaction, Appellant requested that police hand him his jacket, which was located inside Butch's vehicle. Police searched the contents of the jacket and then handed the jacket to Appellant. As the jacket was being passed to Appellant, a wallet fell out of the pocket. Appellant said that it was his wallet – despite the fact that it was brand new and there was nothing inside of it.

On June 1, 2015, the Commonwealth charged Appellant via criminal information with burglary,[1] theft by unlawful taking,[2] criminal trespassing,[3] criminal mischief,[4] conspiracy to commit burglary,[5] and conspiracy to commit theft by unlawful taking.[6] On July 2, 2015, Appellant filed an omnibus pre-trial motion which included a motion to suppress. A suppression hearing was conducted on August 5, 2015. Thereafter, the suppression court granted in part and denied in part Appellant's motion to

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[4] 18 Pa.C.S.A. § 3304(a)(5).

[5] 18 Pa.C.S.A. §§ 903, 3502(a)(2).

[6] 18 Pa.C.S.A. §§ 903, 3921(a).

suppress. The suppression court suppressed the items found during the search of Appellant's jacket; however, it permitted the Commonwealth to introduce Appellant's statement that the wallet was his.

On September 25, 2015, a jury found Appellant not guilty of burglary and conspiracy to commit burglary; however, it found him guilty of the other four charges. On December 10, 2015, the trial court sentenced Appellant to an aggregate term of 38 to 100 months' imprisonment. On December 21, 2015, Appellant filed a post-sentence motion.

On February 11, 2016, the trial court granted in part and denied in part Appellant's post-sentence motion. Specifically, the trial court granted Appellant's motion to change the grading of his criminal mischief conviction and vacated the judgments of sentence for criminal trespassing and criminal mischief. On March 4, 2016, the trial court vacated the remainder of Appellant's judgment of sentence. On April 1, 2016, the trial court re-sentenced Appellant to an aggregate term of 36 to 100 months' imprisonment. This timely appeal followed. On April 29, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On May 20, 2016, Appellant filed his concise statement. On July 22, 2016, the trial court issued its Rule 1925(a) opinion.

Appellant presents two issues for our review:

1. Whether the suppression court erred in ruling the Commonwealth could elicit testimony that [A]ppellant identified

the wallet that was the subject of an illegal search to be his after it fell from his jacket . . . ?

2. Whether the Commonwealth elicited testimony regarding a matter . . . that had been suppressed?

Appellant's Brief at 4.

In his first issue, Appellant argues that the suppression court erred in not suppressing his statement that the wallet that fell from his jacket pocket belonged to him. This issue is moot. "If events occur to eliminate the claim or controversy at any stage in the process, the [issue] becomes moot." *In re S.H.*, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted). Appellant concedes in his brief that "no statement of [A]ppellant regarding the wallet was elicited [at trial]." Appellant's Brief at 9. Any controversy regarding the partial denial of Appellant's suppression motion was eliminated when the Commonwealth did not introduce the evidence Appellant sought to suppress. Accordingly, Appellant's first issue is moot.

In his second issue, Appellant contends that the Commonwealth improperly referenced inadmissible evidence. This argument is waived. "Issues not included in [a concise statement] . . . are waived." Pa.R.A.P. 1925(b)(4)(vii); *see Commonwealth v. Richard*, 150 A.3d 504, 512 n.4 (Pa. Super. 2016) (citation omitted). As Appellant did not include this allegation of error in his concise statement, he has waived this issue for purposes of appellate review.

Judgment of sentence affirmed.

Stevens, P.J.E. joins this memorandum.

Ransom, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017